# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                          Case No. 8:22-cr-109-KKM-SPF

JESUS LAUREANO RODRIGUEZ,

    Defendant.

_____

## ORDER

On November 17, 2022, Jesus Laureano Rodriguez received a sentence of eighty-four months' imprisonment after he pleaded guilty to one count of conspiracy to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. Judgment (Doc. 107) at 1–3; *see* 21 U.S.C. § 960(b)(1)(B)(ii); 46 U.S.C. §§ 70503(a), 70506(a)–(b). Rodriguez moves for compassionate release, Mot. (Doc. 153), and the government responds, Resp. (Doc. 157). I deny the motion.

## I.    LEGAL STANDARD

Subject to ordinary appellate and collateral review, sentences of imprisonment are generally final. *See* 18 U.S.C. § 3582(c). Section 3582(c)(1) sets out one exception, commonly called "compassionate release." *United States v. Handlon*, 97 F.4th 829, 831–32 (11th Cir. 2024) (per curiam). For a motion

for compassionate release to be considered on the merits, a prisoner must either exhaust his administrative remedies with the Bureau of Prisons, or else the prisoner's warden must fail to act on a request for compassionate release within thirty days of receipt. 18 U.S.C. § 3852(c)(1)(A). That threshold requirement being met, a court may order compassionate release only if (1) "extraordinary and compelling reasons warrant" release, (2) the factors in 18 U.S.C. § 3553(a) support release, and (3) release is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*; *accord United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (per curiam). The applicable policy statement is U.S.S.G. § 1B1.13. *See United States v. Bryant*, 996 F.3d 1243, 1252 (11th Cir. 2021). "Because all three conditions — *i.e.*, support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement — are necessary, the absence of even one would foreclose a sentence reduction." *Handlon*, 97 F.4th at 832 (quoting *Tinker*, 14 F.4th at 1237–38).

## II.    ANALYSIS

Rodriguez purports to have two "extraordinary and compelling reasons" for his early release: poor health and the need to care for unidentified family members. Mot. at 1–2. Both are insufficient.

2

Rodriguez makes two arguments concerning his health. First, he avers that he is "experiencing serious deterioration in [his] physical and mental health because of the aging process." Mot. at 1. Second, he contends that he is not receiving medical care for his cardiovascular disease. *See id.* at 1–2.

To rely on deterioration from the aging process, one must show that the deterioration "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" and that one is "not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B)(iii). Rodriguez provides no argument that his ability to provide self-care within a correctional facility is substantially diminished or that he is not expected to recover. *See* Mot. at 1–2. The government notes that Rodriguez's cardiologist and the BOP's report from August 2025 both conclude that Rodriguez is in a stable medical condition. *See* Resp. at 13. Further, the August 2025 report determined that Rodriguez is "capable of providing self-care and accomplishing activities of daily life." *Id.* Rodriguez's deterioration argument fails.

Turning to Rodriguez's second health argument, although Section 1B1.13(b)(1)(C) identifies "suffering from a medical condition that requires long-term or specialized medical care" as a potential extraordinary and compelling reason, the movant must show that the required care "is not being provided." Despite receiving heart surgery in January 2025, Resp. at 9,

Rodriguez claims that he has "a failing cardio-vascular system . . . that is not resolving" and that he has "repeatedly requested medical care . . . with no appointment or response." Mot. at 1–2. He further alleges that he has "repeatedly requested medical records . . . with no response." *Id.* at 2. His core complaint appears to be that he continues to suffer "severe pain where the operation took place." *Id.* at 4.

The government responds by detailing the extensive efforts of the BOP medical staff to treat Rodriguez's health issues, including by facilitating his elective heart surgery. *See* Resp. at 6–13. To that end, the government provides medical records documenting the BOP's provision of treatment thus far. *Id.*; *see* (Docs. 158-1, 158-2). As the government sums up, "[e]very time the defendant submitted an appointment request with Health Services, he was seen within two days to address his medical concern." Resp. at 13. Accordingly, Rodriguez fails to demonstrate a failure to provide care warranting compassionate release.

The incapacitation of Rodriguez's relatives is also not a reason for release. Although incapacitation of certain relatives can be grounds for compassionate release, *see* U.S.S.G. § 1B1.13(b)(3), Rodriguez does not identify the incapacitated relatives or their circumstances, *see* Mot. at 2. Without

4

providing such information, Rodriguez cannot demonstrate that he should be given compassionate relief.

Further, Rodriguez fails to persuade that a sentence reduction is warranted under 18 U.S.C. § 3553(a). Rodriguez argues that his positive BOP record, lack of posing "a threat to the community," and "full[] rehabilitat[ion]" support release. *Id*. After reviewing the Section 3553(a) factors, I conclude that they do not support a reduction. Given, among other things, the seriousness of his offense—smuggling over 800 kilograms of cocaine—I conclude that granting Rodriguez's motion "would ignore the severity of his crime and undermine the rule of law." Resp. at 14; *see* 18 U.S.C. § 3553(a)(2).

*     *     *

Accordingly, Rodriguez's motion for compassionate release or a reduction in sentence (Doc. 153) is **DENIED.**

**ORDERED** in Tampa, Florida, on March 18, 2026.

Kathryn Kimball Mizelle
United States District Judge